(C. D. 1184)

THE STANDARD FRUIT PRODUCT CO. *v.* UNITED STATES

United States Customs Court, Third Division

(Decided August 23, 1949)

*Nichols, Wood, Marx & Ginter* (*Frank E. Wood, Jr.*, of counsel) for the plaintiff.
*David N. Edelstein*, Assistant Attorney General (*Michael Stramiello, Jr.*, and *William J. Vitale*, special attorneys), for the defendant.

Before CLINE, EKWALL, and JOHNSON, Judges; JOHNSON, J., not participating

CLINE, Judge: This is a protest against the collector's assessment of duty on merchandise described in the invoices as "canned banana puree" at 14 per centum ad valorem under paragraph 752 of the Tariff Act of 1930, as modified by the trade agreement with Cuba, T. D. 50541, as fruit paste, the product of Cuba. It is claimed that the merchandise is entitled to free entry under paragraph 1618, as bananas, green or ripe.

The pertinent provisions of the tariff act are as follows:

PAR. 752 [as modified by the trade agreement with Cuba, T. D. 50541]. Fruit pastes and fruit pulps, the product of Cuba:

|   |   |   |   |   |   |   |
|---|---|---|---|---|---|---|
| * | * | * | * | * | * | * |

Other_____ 14% ad val.

PAR. 1618 [Free]. Bananas and plantains, green or ripe.

At the trial Paul R. Foote, president of The Standard Fruit Product Co., the importer, testified that he was familiar with the merchandise involved herein; that it consisted of bananas, ripened naturally and artificially, sugar, and benzoate of soda (a preservative); that it is made in the following manner: That partially ripened and ripened bananas of a type known as "non-payable," because they cannot be exported profitably, are peeled, macerated through a "tomato pureer," and heated for about half an hour at 160 degrees; that while the bananas are cooking, 16½ per centum sugar is added together with about 5 per centum honey, some benzoate of soda, and a small amount of citric acid; that the mixture is cooled to about 100 degrees and canned;

that the product is used principally by bakers and ice-cream manu-facturers as flavoring; that the can contains about 78 per centum banana and 22 per centum something else. A sample of the merchandise was introduced into evidence as plaintiff's exhibit 1.

The only issue herein is whether or not the instant merchandise falls within the provision of paragraph 1618 covering bananas, green or ripe. Plaintiff claims that this provision is a more specific designation than that contained in paragraph 752, as modified, for fruit paste, and that the *eo nomine* provision for bananas, green or ripe, covers all forms of bananas.

This contention was answered in *Sardik, Inc.* v. *United States*, 8 Cust. Ct. 400, C. D. 646. In that case, fully ripe bananas had been peeled, passed through a pulper changing the form to that of a puree, and dried. Nothing was removed from the bananas except water and nothing was added. Plaintiff claimed that the merchandise was free of duty under the provision for ripe bananas in paragraph 1618. The court held, however, that that provision referred to bananas in their natural condition as taken from the tree whether in the state of being ripe or unripe and excluded therefrom bananas in other than their natural condition. In the course of the opinion, the court pointed out that the *eo nomine* provision for bananas first appeared in the Tariff Act of 1922; that when that act was being considered, Congress had before it the Summary of Tariff Information, 1921, which indicated that while bananas were imported almost entirely in their natural state, banana flour, meal, and dried banana were used to a limited extent; that Congress specified free entry for bananas in two forms, namely, green or ripe, although it was aware that such fruit was imported in other forms. The merchandise in that case was therefore held dutiable under paragraph 752, as modified by the trade agreement with Ecuador, T. D. 49710, as bananas, dried, desiccated or evaporated.

In the Tariff Act of 1930, Congress imposed different rates of duty on certain fruits when green or ripe (or when green, ripe, or in brine) and when in other conditions. See paragraph 734 (apples); paragraph 735 (apricots); paragraph 745 (peaches); paragraph 748 (plums, prunes, and prunelles); and paragraph 749 (pears). It is evident, therefore, that the words "green or ripe" are words of limitation and that all forms of a fruit are not included under a provision for such fruit when green or ripe.

Since the merchandise herein consists of a banana paste and not bananas in their natural state, we hold that it is properly dutiable at 14 per centum ad valorem under paragraph 752 of the Tariff Act of 1930, as modified by the trade agreement with Cuba, T. D. 50541, as fruit paste, the product of Cuba. The protest is overruled and judgment will be rendered accordingly.